UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

AT LAW AND IN ADMIRALTY

JOHN DOE, AS FATHER AND NATURAL GUARDIAN, and
JANE DOE, AS MOTHER AND NATURAL GUARDIAN, of
JANIE DOE, A MINOR CHILD

Plaintiffs

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a
NCL and/or NCL AMERICA,

Defendant

_____/

**COMPLAINT FOR DAMAGES**

The Plaintiffs hereby sue the Defendant and files this Complaint for Damages, and say:

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333 and § 1332, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff JOHN DOE is the father and natural guardian of the minor child named

herein, and is *sui juris*. The Plaintiff JANE DOE is the mother and natural guardian of the minor child named herein, and is *sui juris*. JANIE DOE is a minor child and the daughter of the other Plaintiffs. The Plaintiffs are and at all times material hereto have been residents of the state of Minnesota and were passengers on the cruise ship Norwegian Star, owned and operated by the Defendant. The names "JOHN DOE, JANE DOE AND JANIE DOE" are a generic reference to the Plaintiffs whose identity should not be public record due to the nature of the Defendant's offenses.

   4. The Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE and/or NCL (hereinafter collectively referred to as "NCL"), is a foreign corporation authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject incidents occurred.

   5. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b) Had an office or agency in this state and/or county; and/or

   c) Engaged in substantial activity within this state; and/or

   d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

   6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENTS.**  These incidents occurred January 29, 2012 through February 5, 2012.

8. **LOCATION OF INCIDENTS.**  These incidents occurred on the vessel *Norwegian Star,* a ship in navigable waters while the Plaintiffs were passengers aboard. Accordingly, the Plaintiffs' claims are governed by the General Maritime Law.

9. **STATUS OF THE PLAINTIFFS AS OF DATE AND TIME OF INCIDENTS.**  At all times and material hereto, the Plaintiffs were passengers on the subject cruise ship described herein and, accordingly, were invitees onboard the vessel. The Plaintiffs John Doe and Jane Doe travelled on the subject cruise with three minor children, one of whom is Janie Doe. The Plaintiffs do not have a copy of the subject ticket but the Defendant does.

10. **OUTRAGOUS CONDUCT BY NCL AND ITS MANAGEMENT EMPLOYEE.**  NCL hired and put into a position of trust and a position of **maximum exposure to, and contact with minor female passengers onboard its ships**, such as Janie Doe herein.  In this case, NCL allowed this Assistant Cruise Director—**a sexual predator** – to freely entertain and interact with minor female passengers onboard the ship. The cruise line knows that these passengers are going to include impressionable and vulnerable teenage girls in a party environment where the teens are away from their parents and under the supervision of the Assistant Cruise Director. NCL failed to have any control in place to ensure that minors, such as Janie Doe, did not have access to lounges and entertainment designated by NCL as only permitted for passengers 18 years of age and older. Additionally, NCL allowed and turned a blind eye to the Assistant Cruise Director and other entertainment crew to fraternize with minor female passengers such as Janie Doe.

11. Further, **NCL hired and assigned this sexual predator to 7 of its ships in the 6 years he was employed by NCL.**  Upon information and belief, the Assistant Cruise Director had an

inappropriate relationship with a 14 year old girl passenger on the same ship and tried to give the 14 year old girl alcohol and hugged and kissed her, about which the parents of the 14 year old girl complained to the cruise line. This occurred within the same time frame as the subject incident. NCL failed to fire the Assistant Cruise Director despite having knowledge of his propensities.

12. Yet, the cruise line does little or nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these crewmembers after they are hired.  NCL chooses to hire its crew from third world countries or from countries—such the country of origin of the Assistant Cruise Director in this case, Bosnia and Herzegovina-- where because of recent war and widespread destruction of the infrastructure and the economy the unemployment rate is high.  (The official rate of unemployment in Bosnia and Herzegovina in 2011 according to the CIA Facebook was 43%).  NCL chooses to hire from countries such as Bosnia and Herzegovina in order to pay low wages and get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day.  For background checks, NCL utilizes agents or "hiring partners" in these countries and relies on the "hiring partners" in third world countries to obtain background information on these candidates knowing that these "hiring partners" do not thoroughly investigate or cannot thoroughly investigate these people in such countries.

13. NCL fails to examine and test—reasonably under these circumstances-- the applicants for a job which involves this level of contact with the public and with minors.  Then, NCL fails to train these crewmembers well, and then NCL fails to monitor the crewmembers such as the Assistant Cruise Director.  NCL should monitor the activities of these personnel especially when they are in the presence of minors and should monitor the email and internet activities of the Assistant Cruise Directors.  NCL chose not to monitor either the activities of this Assistant Cruise

Director in the presence of or with passengers who are minors or even the email and internet usage of such employees even though the monitoring of such usage is now common in the workplace.

14. NCL by its failures even before these incidents involving Janie Doe **allowed and facilitated** its **management employee**, a sexual predator and a pedophile, to prey on minor passengers in the course of his work, to accumulate on his computer **hundreds** of sexually explicit photos and videos, including that of underage girls and videos entitled "12 yrs old", "15 years old" and "16 yr Pakistane ", rape videos, in addition to sexually explicit photographs of Janie Doe, a minor, and to sexually exploit, assault, batter, and rape Janie Doe.

15. The Assistant Cruise Director on the subject cruise met and targeted Janie Doe at the Spinnaker Lounge when the Assistant Cruise Director was on duty and on the job and within the course and scope of his position.  He was advised that Janie Doe was only 16 years old.  Yet, he befriended Janie Doe and then pressured her, cajoled her, and coerced her into having **unprotected intercourse** and performing other sexual acts with and on him.  He thereby committed **statutory rape of an under-aged minor child** and sexually assaulted this child. Through the unprotected sex with this minor child, the Assistant Cruise Director gave to Janie Doe a sexually transmissible disease.

16. In addition to committing sexually battery and rape on the minor Janie Doe, the Assistant Cruise Director encouraged and enticed Janie Doe to send him **sexually explicit photographs** of her to the Assistant Cruise Director's NCL email address to his **work email**. NCL's Assistant Cruise Director persuaded this minor to send to him at his NCL email multiple sexually explicit photographs of Janie Doe, including **photos depicting her private parts.** The Assistant Cruise Director then showed these photographs to several crewmembers bragging that the girl was only 16 years old.

17. The Assistant Cruise Director's deplorable conduct had been ongoing for a considerable amount of time. He had a collection of child pornography on his computer, including sexually explicit photos of Janie Doe that he shared with fellow NCL employees. He also maintained a "treasure trove" – a collection of women panties located in his cabin.

18. The conduct and failures of NCL described herein are willful, wanton, outrageous, and in reckless disregard and indifference for the rights of others and for the safety and security of its passengers including the Plaintiffs herein and therefore are a basis for punitive damages against NCL under the General Maritime Law.

19. <u>**NCL REPRESENTS THAT IT PROVIDES A SAFE ENVIRONMENT FOR MINORS AND FAMILIES AND THAT ITS STAFF IS WELL TRAINED.**</u>  NCL markets to families.  In order to market to families, NCL represents in its literature, advertisements, and online that NCL the cruise safe is secure for families.

20. The Defendant NCL describes that its "new youth program" provides a safe environment for children including teens.  In the words of NCL on its website: "so little to worry about", also in the words of the defendant cruise line: "you can be certain your kids are having fun in a safe and supervised area."

21. Specifically NCL states in its literature:

> **Your best family vacation ever just got better**.  Introducing Norwegian's **brand new youth program** – **the ultimate family vacation** just got better!  Do the things you want, when you want.  That's the freedom and flexibility you have with the Freestyle Cruising on Norwegian Cruise Line. Unpack once and visit multiple, exotic destinations with ease.  And with your accommodations, dining options, **family activities** and exclusive entertainment with Nickelodeon all in one place, there's something for everyone.  So much to see.  See much to do.  **So little to worry about.**

(Emphasis added).  A copy of those pages from the NCL website is attached hereto as **Exhibit A**.

22. NCL also represents that they have a teen program called Entourage for teens.  They advertise themed events and a teen center.  The Defendant also represents that they have a "well trained staff".  The literature of the Defendant cruise line provides:

> Introducing Splash Academy and Entourage.  Our newly redesigned, complimentary kids and teens programs.  Here, with our **well-trained staff** your kids will explore and experience engaging activities **with kids their own age**.  Maybe even make a new friend or two.  So enjoy a bite to eat, a relaxing massage or get a little shopping done.  **You can be certain your kids are having fun in a safe and supervised area**.

(Emphasis added). A copy of the pages from the NCL website discussing the "safe and supervised area" is attached hereto as **Exhibit B**.

23. The website provides for a strict conduct code for teens in the program.  NCL represents that any teens caught smoking, drinking or cussing will be throw out of the program.  And that NCL provides a "safe and supervised area."

24. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN REGARD TO SEXUAL ASSAULT AND BATTERY.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the cruise line herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc.*, 394 F. 3d 891, 907 (11th Circuit 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the 11th Circuit in *Doe v. Celebrity Cruises Inc.*, 394 F. 3d at 909.  Stated otherwise, "it is a widely adopted rule that common carriers owe such an

absolute duty to their passengers". *Morton v. De Oliveira*, 984 F. 2d 289, 291-92 (9th Circuit 1993) as cited in *Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.  See, *Nadeau v. Costley*, 634 S. 2d 649, 652-3 (Fl 3d D.C.A. 1994) and *Commodore Cruise Line, Ltd. v. Kormendi*, 344 S. 2d 896 (Fl. 3d D.C.A. 1977).

25. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances".  See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

26. The cruise line is **directly negligent for negligently hiring, training, and retaining** the Assistant Cruise Director who perpetrated this sexual assault, sexual battery and statutory rape. Further, the cruise line is directly negligent for its **negligent misrepresentations in** its literature, website, and videos about the existence and quality of its crew and services provided by the crew. See, e.g., *Fojtasek v*. *NCL (Bahamas) Ltd*., 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009). Further, the cruise line here **voluntarily assumed or voluntarily undertook to provide reasonably safe and well-trained employees for** its passengers, and thus created a duty to provide these services with reasonable care under the circumstances. See, e.g., *Goldberg v. Florida Power and Light Company,* 899 So. 2d 1105 (Fla. 2005); *Kerfoot v. Waychof*, 501 So. 2d 588 (Fla. 1987); *Horton*

*v. Freeman*, 943 So. 2d 1016 (Fla. 4th DCA 2006); *Estate of Sharp v. Omnicare, Inc.*, 879 So. 2d 34 (Fla. 5th DCA 2004); and *Roos v. Morrison*, 913 So. 2d 59 (Fla. 1st DCA 2005).

27. **BASES OF THE DUTIES OWED**. The duties of the Defendant cruise line in this case are created by:

    a. The General Maritime Law as stated above in regard to the duty to exercise reasonable care for the safety of passengers;

    b. The cruise line's voluntarily undertaking to provide safe and well-trained crewmembers on its ships;

    c. The facts surrounding this situation in addition to the allegations above include:

        i. The cruise line employs adult men who live and work on the ship 7 days a week, 24 hours a day, and without social contact with their spouses, families, or significant others for months at a time;

        ii. The cruise line has knowledge of prior similar incidents where male crewmembers sexually assault, batter, and rape female passengers onboard the ships;

        iii. The cruise line has knowledge of prior similar incidents where its adult male crew members fraternize with underage female passengers;

        iv. The cruise ship does not have onboard a governmental police force, and security is provided by employees of the cruise ship;

        v. Contact between male NCL employees and minor female passengers is foreseeable;

    vi.    The cruise line by its representations online, in advertising, and in its literature undertakes to provide well trained employees for a safe and secure environment for families including minors;

    vii.    Passengers on the cruise ship are on vacation and accordingly let their guard down; and

    viii.    Passengers and crewmembers are isolated and thrown together for extended periods of time on a cruise ship.

## COUNT I

### DIRECT NEGLIGENCE OF THE CRUISE LINE
### NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

28. The Plaintiffs, JOHN DOE and JANE DOE, hereby adopt and reallege each and every allegation in paragraphs 1 through 27, above.

29. NCL had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, battery and rape by crew members.

30. The Defendant cruise line had a duty to live up to the representations it makes to the public, representations made in order to induce the public, including families, to choose this cruise line and this vacation and to purchase tickets for this cruise.

31. In particular, the Defendant had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery and rape which was reasonably foreseeable.

32. The Defendant knew, or in the exercise of reasonable care should have known, that on board the cruise ships there have been several sexual assault, sexual battery, rape, and attacks perpetrated by crew members on passengers.

33. The Defendant cruise line knew or in the exercise of reasonable care should have known that it passengers, including the Plaintiffs herein, would rely upon its representations.

34. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following:

   a. Failing to fulfill their representations made in their literature, on-line and otherwise about their safety and security;

   b. Failing to make, create and maintain a safe environment for minor passengers as advertised;

   c. Failing to implement, reasonable and proper procedures for the safety and security of the passengers onboard the ship, including the safety of minor passengers;

   d. Failing to supervise the activities of NCL employees onboard the subject vessel;

   e. Failing to prevent crew members from conducting sexually battery and rape on passengers onboard the subject vessel, including the Janie Doe herein;

   f. Failing to recruit crewmembers from countries where proper background checks can be ascertained;

   g. Failing to reasonably and properly screen, hire, control and retain employees;

   h. Failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired and  maintain, and implement reasonable measures to ensure the safety of its passengers;

i. Failing to make inquiries in a reasonable and/or complete manner;

j. Failing to reasonably and properly screen NCL employees who are entrusted with direct contact and interaction with minor female passengers;

k. Failing to reasonably and properly monitor NCL employees who are entrusted with direct contact and interaction with minor female passengers;

l. Failing to reasonably and properly control NCL employees who are entrusted with direct contact and interaction with minor female passengers;

m. Failing to reasonably and properly discharge NCL employees who are entrusted with direct contact and frequent interaction with minor female passengers which are unsuitable for this job;

n. Failing to provide rules, regulations, policies, and/or procedures for NCL employees who are entrusted with direct contact and interaction with minor female passengers;

o. Failure to reasonably and properly enforce rules, regulations, policies and procedures for NCL employees who have direct contact and frequent interaction with minor female passengers;

p. Failing to warn passengers that the cruise ship is not a safe place for minors;

q. Failing to have reasonable and proper methods of preventing crime to be committed by NCL employees by means of surveillance thereby protecting users, customers, and invitees of the vessel, including the minor child, daughter of the Plaintiffs;

r. Failing to implement reasonable and adequate security policies, security measures, and security procedures necessary to protect minor passengers on the subject ship;

    s. Failing to implement software or filters on NCL employees emails and computer detecting pornographic or sexually explicit communication or content on work emails and computers;

    t. Failing to comply with applicable industry and other standards, statutes, and/or regulations the violation of which negligence per se and/or evidence of negligence and/or; and

    u. Failing to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

35. **NCL by failing to screen, to train, and to monitor** its crewmembers in positions such as the Assistant Cruise Director, and then placing the Assistant Cruise Director in a **position of trust and a position which NCL knows will have maximum contact with and maximum influence over minor children including impressionable teenage girls who are passengers onboard its ships**, such as the Janie Doe herein, NCL **allowed and facilitated** a sexual predator in its employ to prey on minors and to sexually exploit, sexually assault, sexually batter, and rape Janie Doe. NCL by its failures also **allowed and facilitated** that these employees such as the Assistant Cruise Director could undisturbed further exploit minors such as Janie Doe by encouraging Janie Doe to send him sexually explicit photographs of herself which he in turned shared with other crewmembers.

36. The conduct and failures of NCL described herein are willful, wanton, outrageous, and in reckless disregard and indifference for the rights of others and for the safety and security of its passengers including the Plaintiffs and Janie Doe herein and therefore are a basis for punitive damages against NCL under the General Maritime Law.

37. The Assistant Cruise Director's deplorable conduct had been ongoing for a considerable amount of time. He had a collection of child pornography on his computer, including sexually explicit photos of Janie Doe that he shared with fellow NCL employees. He also maintained a "treasure trove" – a collection of women panties located in his cabin.

38. The predatory acts of the Assistant Cruise Director, wherein he exploited, sexually assaulted, sexually battered, and raped Janie Doe were willful, wanton, and in reckless indifference for the rights of Janie Doe.

39. The Assistant Cruise Director's wanton, willful and outrageous acts took place during the course of his employment and in the scope of his work. He used his position as Assistant Cruise Director to pray and sexually exploit a minor child. His position has managerial responsibilities. Hence, the Assistant Cruise Director's wanton, willful and outrageous conduct gives rise to punitive damages against NCL under Restatement (Second) of Torts 909 and under the General Maritime Law.

40. NCL's negligence and outrageous conduct in facilitating and allowing the sexual assault, sexual battery, and rape, and NCL's managerial employee's outrageous conduct committed onboard ship and in the course and scope of his employment and attributable to NCL, have caused the Janie Doe to suffer damages, economic and non economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, incurred by the parents of the minor child on behalf of or for the benefit of the minor child and such expenses to be incurred in the future by the minor child, aggravation of a preexisting condition, and the loss of the ability of the minor child to earn money in the future. The losses are either permanent or continuing. The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiffs demand Judgment against the Defendant for damages, economic and non economic, past and future, suffered as a result of Janie Doe's bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical and psychological treatment expenses incurred by the parents of the minor child on behalf of or for the benefit of the minor child and such expenses to be incurred in the future by the minor child, aggravation of a preexisting condition, and the loss of the ability to earn money in the future, punitive damages, and for any and all other damages which the Court deems just and appropriate.

### COUNT II
### STRICT LIABILITY FOR SEXUAL ASSAULT, SEXUAL BATTERY, AND STATUTORY RAPE

41. The Plaintiffs JOHN DOE and JANE DOE, hereby adopt and reallege each and every allegation in paragraphs 1 through 27, above.

42. On the date of the subject incidents, NCL's Assistant Cruise Director, a managerial employee of NCL, committed the intentional acts of sexual assault, sexual battery, and statutory rape on the minor Janie Doe.

43. Janie Doe at the time of this incident was a minor child, and therefore as a matter of law, incapable of providing consent for any act of sex with a 29 year old man. Thus, the Assistant Cruise Director committed statutory rape and rape as a matter of law on Janie Doe.

44. The Assistant Cruise Director was NCL's managerial employee and acted at all times material hereto onboard NCL's ship, using NCL's resources and the position given to him by NCL, and within the course and scope of his employment of NCL. This managerial employee's conduct was willful, wanton, outrageous, and in reckless disregard and indifference for the rights of others and for the safety and security of its passengers including the Plaintiffs herein and

therefore are a basis for punitive damages against NCL under the Restatement (Second) of Torts 909 and under the General Maritime Law.

45. NCL's managerial employee's outrageous conduct committed onboard ship and in the course and scope of his employment and attributable to NCL, have caused the Plaintiff Janie Doe to suffer damages, economic and non economic, past and future, for bodily injury, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, medical and psychological treatment expenses, incurred by the parents of the minor child on behalf of or for the benefit of the minor child and such expenses to be incurred in the future by the minor child, aggravation of a preexisting condition, and the loss of the ability of the minor child to earn money in the future. The losses are either permanent or continuing.  The Plaintiffs have suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiffs demand Judgment against the Defendant for damages, economic and non economic, past and future, suffered as a result of Janie Doe's bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical and psychological treatment expenses incurred by the parents of the minor child on behalf of or for the benefit of the minor child and such expenses to be incurred in the future by the minor child, aggravation of a preexisting condition, and the loss of the ability to earn money in the future, punitive damages, and for any and all other damages which the Court deems just and appropriate.

  /s/ John H. Hickey

JOHN H. HICKEY (FBN 305081)
hickey@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile:  (305) 371-3542
*Attorneys for Plaintiff*