UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 12-cv-24384-KMW

JOHN DOE, AS FATHER AND NATURAL GUARDIAN, and
JANE DOE, AS MOTHER AND NATURAL GUARDIAN, of
JANIE DOE, A MINOR CHILD,

    Plaintiffs,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY d/b/a
NCL and/or NCL AMERICA,

    Defendant.

_____/

## MOTION TO DISMISS COMPLAINT AND ALTERNATIVE MOTION TO STRIKE

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a)(2), 8(d)(1), 10(b) and 12(f), hereby files its Motion to Dismiss Plaintiff's Complaint and Alternative Motion to Strike with Incorporated Memorandum of Law, and in support thereof states as follows:

### INTRODUCTION

During the course of a cruise onboard Norwegian's vessel, the *Norwegian Star*, Plaintiffs allege that their daughter, Janie Doe, was sexually assaulted and sexually battered by a crewmember. Due to this alleged incident, Plaintiffs' Complaint asserts two counts against Norwegian: (I) negligent hiring, retention, training and supervision, and (II) strict liability for sexual assault, sexual battery and statutory rape. For the reasons articulated below, Plaintiffs' Complaint should be dismissed because it fails to comply with the applicable pleading

requirements and Norwegian is thus unable to fairly respond to Plaintiffs' allegations. Further, Plaintiffs' Complaint contains redundant, immaterial, impertinent and scandalous matter that should be stricken.

## MEMORANDUM OF LAW

### A. Plaintiffs' Complaint Must be Dismissed because it is not Properly Pled

Under Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Additionally, Federal Rule of Civil Procedure 10(b) provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, Plaintiffs' Complaint fails to comply with these rules as the allegations are lengthy and convoluted, and Plaintiffs improperly incorporate irrelevant factual and legal allegations into their claims.[1]

Rather than pleading simple, concise and direct allegations as required, many of the separately numbered paragraphs in Plaintiffs' Complaint are instead several sentences long, containing multiple factual and legal allegations. [See ECF No. 1 at ¶ 10 –16, 24 – 26, 35]. For example, paragraph 12 is comprised of 5 sentences which include allegations that Norwegian purportedly fails to adequately screen its employees, hires from third world countries so that it can pay lower wages, and that Norwegian's "hiring partners" do not conduct a thorough investigation of potential employees, among others. Paragraph 12 also refers to unemployment

---

[1] The Complaint also contains impermissible citations to legal authorities. [ECF No. 1 at 24 – 26]. *See Moore v. McCalla Raymer, LLC*, 2013, WL 28253, *7 (N.D. Ga. Jan. 2, 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint."); *Chevy Chase Bank, F.S.B. v. Carrington*, 2010 WL 745771, *4 (M.D. Fla. Mar. 1, 2010); *Newton v. Gates*, 2009 WL 541373, *1 n.5 (N.D. Ga. Mar. 4, 2009); *Fox v. Cal. Franchise Tax Bd.*, 2008 WL 2640456, *1 (D. Colo. July 3, 2008) (finding that the complaint was "replete with unnecessary legal citations" because "[i]n a complaint, there is no need to cite to caselaw in support of the claims").

statistics in Bosnia and Herzegovina. Several other paragraphs in the Complaint suffer from the same defects as paragraph 12. [See ECF No. 1 at ¶ 10 –16, 24 – 26, 35].

Due to Plaintiffs' conflation of multiple claims and factual allegations in several of the Complaint's numbered paragraphs in violation of the pleading requirements, Norwegian cannot fairly respond to the Complaint because it cannot properly admit or deny paragraphs that contain a plethora of allegations. *See Washington v. Bauer*, 149 Fed.Appx. 867, 871 (11th Cir. 2005) (stating that the complaint did not comply with Rules 8(a)(2) or 10(b) because it contained "a lengthy statement of facts asserting numerous instances of wrongdoing, and each labeled count details several claims against numerous defendants"); *Fox*, 2008 WL 2640456 at *1-2 (finding that because the complaint did not contain a short and plain statement of the claims and that the claims could be stated more concisely, Defendant could not fairly respond to same); *see also Mahuwe v. Petsmart*, 2012 WL 1163009, *1 (D. Ariz. Apr. 9, 2012) (stating that "[n]umbering paragraphs which contain only a single set of circumstances allow the Defendant to admit or deny whole paragraphs when it responds"). As a result, Plaintiffs' Complaint should be dismissed.

Plaintiffs' Complaint also improperly incorporates by reference irrelevant factual and legal allegations into Counts I and II. At the beginning both counts, Plaintiffs' incorporate by reference "each and every allegation in paragraphs 1 through 27, above." [ECF No. 1 at 28, 41]. As a result, Plaintiffs' have "commingl[ed] within one claim various sets of allegations which have absolutely no relevance to that particular claim." *Grapski v. Barcia*, 2011 WL 3477041 (N.D. Fla. Aug. 9, 2011). Specifically, paragraphs 1 through 27 include allegations regarding Plaintiffs' negligent hiring, retention, training and supervision claim, and are thus utterly irrelevant to the strict liability claim and should not be incorporated into same. [See ECF No. 1

at 10 – 14, 17]. Plaintiffs' also incorporate into Count II irrelevant factual allegations pertaining to Norwegian's allegedly misleading advertising, [See ECF No. 1 at 19 – 23], as well as irrelevant legal allegations detailing the purported standard of care under negligence. [See ECF No. 25 – 27]. Additionally, Plaintiffs' incorporate what they claim to be the legal standard of strict liability into their negligence claim. [See ECF No. 1 at 24]. This is inappropriate and further supports dismissal of Plaintiffs' Complaint.

### B. Alternatively, this Court should Strike Portions of the Complaint

Under Rule 12(f), the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). The term "scandalous," as used in Rule 12(f), "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court" and also includes allegations that "cast 'a cruelly derogatory light on a party or other person.'" *S.E.C. v. Lauer*, 2007 WL 1393917, *2 (S.D. Fla. Apr. 30, 2007) (*quoting* 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12-97; *In re TheMart.com Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). Therefore, the Court may strike information that has no possible relation to the controversy and may cause prejudice to one of the parties. *See Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978).

Here, a number of Plaintiffs' allegations are irrelevant and highly inflammatory. Plaintiffs repeatedly refer to the subject crewmember as a "sexual predator" and "pedophile," and allege:

> "NCL chooses to hire its crew from third world countries or from countries—such as the country of origin of the Assistant Cruise Director in this case, Bosnia and Herzegovina—where because of recent war and widespread destruction of the infrastructure and the economy the unemployment rate is high. (The official rate of unemployment in Bosnia and Herzegovina in 2011 according to the CIA Facebook was 43%). NCL chooses to hire from countries such as Bosnia and Herzegovina in order to pay low wages and get a willing workforce to work on a ship away from home for months at a time and for 7 days a week, often 12 to 14 hours a day."

> "[The Assistant Cruise Director] also maintained a 'treasure trove' – a collection of women panties located in his cabin."

[ECF No. 1 at ¶ 12, 17, 37]. These allegations are inappropriate, inflammatory and scandalous, and they merely seek to prejudice Norwegian. Accordingly, this Court should strike them from the Complaint.

Further, Plaintiffs' also allege that Norwegian failed "to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence." [ECF No. 1 at ¶ 34(u)].[2] Plaintiffs' reference to the Pennsylvania Rule is improper as it is not applicable to the facts or allegations of this case. The Pennsylvania Rule "is a burden-shifting mechanism announced by the Supreme Court in the nineteenth century in *The Pennsylvania*, 86 U.S. (19 Wall) 125, 135 (1873)." *Ortiz v. Zambrana*, 2011 WL 5154706, *1 (D. Puerto Rico Oct. 27, 2011). While the Rule "traditionally applied only where there had been 'violation of a statutory rule intended to prevent collisions,'" it has been extended to "cases involving 'allisions, collisions between a vessel and a stationary object, and vessel strandings.'" *Id*. (*quoting The Pennsylvania*, 86 U.S. at 136; *Cont'l Grain Co. v. P.R. Mar. Shipping Auth.*, 972 F.2d 426, 436 (1st Cr. 1992); *see also Lanza v. Schriefer*, 2010 WL 2754327, *4 (S.D. Fla. July 22, 2010); *Hatt*

---

[2] Plaintiffs do not specify the "industry standards, statutes, and/or regulations" with which Norwegian supposedly failed to comply.

*65, LLC v. Kreitzberg*, 658 F.3d 1243 (11th Cir. 2011). The policy "underlying the rule…is to assure strict compliance with the rules pertaining to the safe operation of ships," *Con't Grain Co.*, 972 F.2d at 436, and courts "have been reluctant to 'extend the Rule's application in ways that would unmoor it beyond its animating principles.'" *Poulis-Minott v. Smith*, 388 F.3d 354, 365 (1st Cir. 2004); *see also Ortiz*, 2011 WL 5254706 (declining to apply the Rule where the plaintiffs allegedly sustained injuries while diving because applying the rule in that case "would be a departure from the limited and cautious manner in which the courts, with good reason, have traditionally invoked this powerful rule"). As this case does not involve the violation of any statutory rule or regulation intended to prevent collisions or other similar maritime accidents, Plaintiffs' reference to the Pennsylvania Rule is immaterial and incorrect, and it should be stricken.

WHEREFORE, Defendant, NCL BAHAMAS LTD., respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint.

Respectfully submitted,

MASE, LARA, EVERSOLE, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ *Lauren DeFabio*
CURTIS J. MASE
Florida Bar No.: 478083
cmase@mletrial.com
LAUREN E. DEFABIO
Florida Bar No.: 84121
ldefabio@mletrial.com

CASE NO.: 12-cv-24384-KMW

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2013, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parities who are not authorized to received electronically Notices of Electronic Filing.

By: /s/ *Lauren DeFabio*
LAUREN E. DEFABIO

CASE NO.: 12-cv-24384-KMW

## SERVICE LIST

### CASE NO.: 12-cv-24384-KMW

John H. Hickey, Esq.
Bjorg Eikeland, Esq.
Hickey Law Firm, P.A.
1401 Brickell Avenue
Suite 510
Miami, Florida 33131
Tel.: (305) 371-8000
Facsimile: (305) 371-3542
federal court filings@hickeylawfirm.com
beikeland@hickeylawfirm.com
*Attorneys for Plaintiff*

18342/41

**MASE LARA EVERSOLE**